UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>N. VERA, I. MEDINA, I. CEBALLOS, J.B. FUGATE, J. NAVARRO,<br><br>Defendant. | Case No. 1:22-cv-00277-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS AND CLAIMS<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANT<br><br>(Doc. No. 12) |

Plaintiff Kareem J. Howell, a prisoner, is proceeding pro se in this action filed under 42 U.S.C. § 1983. On August 16, 2023, this Court issued a screening order on Plaintiff's first amended complaint ("FAC"). (Doc. No. 10). As discussed at length in this Court's August 16, 2023 Screening Order, the FAC states a cognizable First Amendment retaliation claim against Defendants Vera, Medina, Ceballos, Fugate, and Navarro; a Eighth Amendment failure to protect claim against Defendants Vera, Medina, Ceballos, Fugate, and Navarro; and a Eighth Amendment excessive use of force claim against Defendants Vera, Medina, Ceballos, Fugate, and Navarro but no other claim. (Doc. No. 10 at 4-8). Specifically, the Court found the FAC did not state any cognizable claim against Defendants Randolph, J. Gallenger, and C. Gipson. (*Id.*). The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a

notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his FAC subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not cognizable. (*Id*. at 8-10). On September 8, 2023, Plaintiff filed a pleading, dated September 2, 2023, signed to under penalty of perjury stating that he desires "proceed only on his first amendment retaliation claim, his Eight Amendment failure to protect claim, and his Eight Amendment excessive use of force claim. Thereby voluntarily dismissing all other Defendants Randolph, Gallenger, and Gipson who this court found no cognizable claims against." (Doc. No. 12).

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). In accordance with Plaintiff's notice, Randolph, J. Gallenger, and C. Gipson are dismissed without prejudice by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff's FAC will proceed on his First Amendment retaliation claim against Defendants Vera, Medina, Ceballos, Fugate, and Navarro; Eighth Amendment failure to protect claim against Defendants Vera, Medina, Ceballos, Fugate, and Navarro; and Eighth Amendment excessive use of force claim against Defendants Vera, Medina, Ceballos, Fugate. (See Doc. Nos. 7, 10). The Court will direct service of process on Defendant Defendants Vera, Medina, Ceballos, Fugate, and Navarro by separate order.

Accordingly, it is **ORDERED**:

The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendants Randolph, Gallenger, and Gipson and Defendant H. Campos who was not named in Plaintiff's First Amended Complaint.

Dated:   September 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE